UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwon Williams,<br><br>       Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC, Lisa Doe, Tempest Doe, Karen Doe and Charles Crest,<br><br>       Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Antwon Williams is a natural person who resides in the City of Maplewood, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant PRA") is a collection agency operating from an address of 120 Corporate Boulevard, Norfolk, VA 23502, with a registered agent of process of National Registered Agents, Inc, 1295 Bandana Boulevard N #300, Saint Paul, MN 55108-5116 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant Lisa Doe (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant PRA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Defendant Tempest Doe (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant PRA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.  Defendant Karen Doe (hereinafter "Defendant Doe #3") is a natural person who was employed at all times relevant herein by Defendant PRA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Charles Crest (hereinafter "Defendant Crest") is a natural person who was employed at all times relevant herein by Defendant PRA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with CapitalOne, in the approximate amount of $ $4,000.00, which was used by Plaintiff for personal, family and household purchases.

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *May 24, 2010 Collection Call*

12. On or about May 24, 2010, Defendant PRA's collector, Defendant Doe #1, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Defendant Doe #1 failed to provide the notices required by 15 U.S.C. § 1692e(11).

14. During this call from (205) 423-4020, Defendant Doe #1 almost immediately began abusing Plaintiff over the debt.

15. After several minutes of berating Plaintiff over this debt, Plaintiff, in answering personal questions explained that he was on the verge of getting married.

16. Defendant Doe #1 then turned the focus of the abuse to Plaintiff's future fiancée.

17. Defendant Doe #1 flippantly asked if Plaintiff's fiancée had a job.

18. Defendant Doe #1 intimated to Plaintiff that his would be wife would be liable for his debt by stating to Plaintiff that "[Plaintiff's fiancée] was going to marry into this debt" or words to that effect.

19. Defendant Doe #1 then threatened that non-payment to Defendants would result in the ruining of Plaintiff's credit.

20. This call from Defendant Doe #1 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(7), 1692e(10), 1692e(11), and 1692f amongst others.

### *June 10, 2010 Collection Call*

21. On or about June 10, 2010, Defendant PRA's collector, Defendant Doe #2, contacted Plaintiff by telephone in an effort to collect this debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendant Doe #2 failed to provide the notices required by 15 U.S.C. § 1692e(11).

23. During this call from (757) 864-0020, Defendant Doe #2 began abusing Plaintiff over the debt.

24. After several minutes of berating Plaintiff, Defendant Doe #2 inquired into Plaintiff's employment history.

25. Defendant Doe #2 the demanded to know "why [Plaintiff] did not make a payment while he was working" or words to that effect.

26. Defendant Doe #2 the demanded to know if Plaintiff was married, rudely asking how Plaintiff "pays [his] bills now" or words to that affect.

27. This statement left Plaintiff feeling belittled.

28. Defendant Doe #2 continued with the intrusive and demeaning line of questions by inquiring into Plaintiff's financial information, including Plaintiff's take home pay, the work Plaintiffs fiancée does, and how Plaintiff's rent was being paid.

29. Defendant Doe #2 then threatened that Plaintiff would never "be able to buy a house until this was paid off" or words to that effect.

30. Plaintiff, now feeling shamed, began to fear the inability to purchase a home as a result of Defendant Doe #2's threats.

31. Finally, Defendant Doe #2 continued her bullying of Plaintiff by proclaiming that "[Plaintiff] better get [his] ducks in a row" or words to that effect.

32. Thereafter, the call ended.

33. This call from Defendant Doe #2 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *August 25, 2010 Collection Message*

34. On or about August 25, 2010, Defendant PRA's collector, Defendant Doe #3, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35. During this call, Defendant Doe #3 left a message on Plaintiff's voicemail system.

36. Defendant Doe #3 stated that this was a personal call and was intended to create a false sense of urgency in Plaintiff.

37. Defendant Doe #3 demanded a return call at 1-866-428-8102.

38. Plaintiff retrieved the voicemail sometime later.

39. Plaintiff did not know the caller or what the call was regarding.

40. During the message, Defendant Doe #3 failed provide a meaningful disclosure of her identity.

41. Defendant Doe #3 failed to provide the notices required by 15 U.S.C. § 1692e(11).

42. This call from Defendant Doe #3 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *September 1, 2010 Collection Message*

43. On or about November 2, 2010, Defendant PRA's collector, Defendant Crest, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

44. During this call, Defendant Crest left a message on Plaintiff's voicemail system.

45. Defendant Crest stated that this was a personal call and was intended to create a false sense of urgency in Plaintiff.

46. Defendant Crest demanded a return call at 1-866-428-8102.

47. Plaintiff retrieved the voicemail sometime later.

48. Plaintiff did not know the caller or what the call was regarding.

49. During the message, Defendant Crest failed to provide a meaningful disclosure of his identity.

50. Defendant crest failed to provide the notices required by 15 U.S.C. § 1692e(11).

51. This call from Defendant Doe #3 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *Summary*

52. All of the above-described collection communications made to Plaintiff by Defendant Doe #1, Defendant Doe #2, Defendant Doe #3, Defendant Crest and other collection employees employed by Defendant PRA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(7), 1692e(10), 1692e(11) and 1692f, amongst others.

53. During their collection communications, Defendant Doe #1, Defendant Doe #2, Defendant Doe #3, Defendant Crest and these individual debt collectors employed by Defendant PRA repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692e(11), and 1692f, amongst others

### *Respondeat Superior Liability*

54. The acts and omissions of Defendant Doe #1, Defendant Doe #2, Defendant Doe #3, Defendant Crest, and the other debt collectors employed as agents by Defendant PRA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant PRA.

55. The acts and omissions by Defendant Doe #1, Defendant Doe #2, Defendant Doe #3, Defendant Crest, and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant PRA in collecting consumer debts.

56. By committing these acts and omissions against Plaintiff, Defendant Doe #1, Defendant Doe #2, Defendant Doe #3, Defendant Crest, and these other debt collectors were motivated to benefit their principal, Defendant PRA.

57. Defendant PRA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

61. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

Dated: September 23, 2010

Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF Anoka )

Plaintiff ANTWON WILLIAMS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ANTWON WILLIAMS

Subscribed and sworn to before me
this 23 day of September 2010.

_____
Notary Public

DEBORAH R. PROBALL
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015